IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LEE MARTINEZ,

    Plaintiff,                                           No. CIV S-11-1445 DAD P

    vs.

DISTRICT ATTORNEY OF SAN
JOAQUIN COUNTY et al.,                               ORDER AND

    Defendants.                                        FINDINGS AND RECOMMENDATIONS
_____/

    Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendants Willett, Moore, and Mulvihill. Plaintiff has filed an opposition to the motion. Counsel for defendants have filed a reply.

**BACKGROUND**

    Plaintiff is proceeding on his original complaint against defendants Sheriff Moore, District Attorney Willett, and Deputy District Attorney Mulvihill. Therein, he alleges that on June 19, 2002, sheriff's deputies arrested him and accused him of sexual assault on his girlfriend. On the same day, plaintiff consented to giving DNA samples at the San Joaquin County General Hospital while his girlfriend underwent a sexual assault exam. Plaintiff claims that the defendants never provided his criminal defense team with any of his or his girlfriend's DNA test

results. Plaintiff contends that the DNA test results were critical to his defense because he maintained at trial that he was actually innocent of any crime. Ultimately, plaintiff was convicted of thirteen felony counts and was sentenced to 50 years to life in state prison. Throughout his appellate and post-conviction proceedings, plaintiff alleges that he exercised due diligence in attempting to obtain the DNA test results without success. In terms of relief in this federal civil rights cause of action, plaintiff seeks a court order requiring the defendants to produce all DNA evidence from his case for analysis by an independent laboratory. (Compl. at 3-5.)

## DEFENDANTS' MOTION TO DISMISS

I. <u>Defendants' Motion</u>

Pursuant to Rule 12(b)(6), defense counsel moves to dismiss plaintiff's claims on the grounds that plaintiff fails to identify a constitutional right of which he was purportedly deprived. Defense counsel contends that, in essence, plaintiff is asking this court to issue an order pursuant to the decision in <u>Skinner v. Switzer</u>, ___ U.S. ___, 131 S. Ct. 1289 (2011), requiring that he be given the DNA evidence he seeks. Defense counsel argues that plaintiff has misinterpreted the <u>Skinner</u> decision. According to defense counsel, the Supreme Court in <u>Skinner</u> held that a prisoner may properly bring a claim for relief under § 1983, rather than the habeas corpus statute 28 U.S.C. § 2254, if he can demonstrate that the underlying post-conviction DNA testing procedures violated his right to due process. Defense counsel contends that federal intervention is appropriate in such instances only if the state first offends some principle of justice. Here, defense counsel argues that plaintiff has not alleged that California Penal Code § 1405, which allows a prisoner to seek and obtain DNA evidence following a conviction, is unconstitutional. Rather, plaintiff only alleges that the state courts denied his motions and subsequent appeals seeking DNA evidence. Accordingly, defense counsel concludes that plaintiff's complaint fails to state a cognizable claim for relief. (Defs.' Mot. to Dismiss at 3-4.)

/////

/////

II. <u>Plaintiff's Opposition</u>

In opposition to defendants' motion, plaintiff argues that he sought relief under California Penal Code § 1405 several times but never obtained the potentially exculpatory DNA evidence he seeks in this case. In plaintiff's view, he has clearly alleged a cognizable claim for violation of his rights under the Fourteenth Amendment. As in <u>Skinner</u>, plaintiff contends that he is seeking DNA evidence that defendants wish to keep from him because such evidence will establish his actual innocence. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1-3.)

III. <u>Defendants' Reply</u>

In reply, defense counsel reiterates that plaintiff's complaint fails to state a cognizable claim for relief. Defense counsel reiterates that under <u>Skinner</u>, plaintiff may only challenge a state court decision in federal court under § 1983 if he can demonstrate that the underlying rule governing the challenged decision is unconstitutional. Here, according to defense counsel, plaintiff concedes that he is not challenging the constitutionality of California Penal Code § 1405. Rather, plaintiff is merely a party who failed to prevail in state court and is now attempting to invoke federal question jurisdiction to review and reject a state court's judgment. According to defense counsel, the decision in <u>Skinner</u> precludes him from doing so. (Defs.' Reply at 2.)

**ANALYSIS**

I. <u>Legal Standards Governing a Motion Pursuant to Rule 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). <u>See also</u> <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic

recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

II. Discussion

As both parties appear to acknowledge, the pending motion to dismiss hinges on the application of the decision in Skinner to this case. In Skinner, a state prisoner filed a federal civil rights action under § 1983, naming the district attorney as the defendant and alleging that the defendant had custody of untested biological evidence Skinner wanted to have tested for DNA purposes. See Skinner, 131 S. Ct. at 1295. The district court dismissed the complaint for failure to state a claim and reasoned that Skinner needed to pursue any postconviction requests for DNA evidence in a habeas corpus action. Id. at 1296. The United States Court of Appeals

for the Fifth Circuit affirmed. Id. Reversing, the Supreme Court held that Skinner's complaint stated a cognizable claim for relief and that he could proceed in a § 1983 action against the defendant where he challenged the constitutionality of a state statute on its face or as applied in his case. Id. at 1298. The Court emphasized that "a state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action." Id.

Given the allegations of plaintiff's complaint, the instant case does not fall within the parameters set forth in Skinner. See Skinner, 131 S. Ct. at 1293 & 1298; see also Dist. Att'y Office for the Third Judicial District v. Osborne, 557 U.S. 52, ___, 129 S. Ct. 2308, 2322-23 (2009) (holding that a prisoner has no free-standing substantive due process right to obtain postconviction access to state's evidence for DNA testing). Specifically, plaintiff himself makes clear that he is not challenging through this civil rights action the constitutionality or adequacy of California Penal Code § 1405 because "the constitutionality of this code has nothing to do with Defendants withholding of critical DNA information from Plaintiff." See Pl.'s Opp'n to Defs.' Mot. to Dismiss at 2. Rather, plaintiff claims that the defendants as well as the state courts he has sought to obtain relief from, have refused to provide him with the DNA evidence he seeks in violation of his constitutional rights. In this regard, however, plaintiff asserts a challenge to or seeks review of the state court rulings denying his requests for DNA evidence. However, under the authorities discussed above, plaintiff is precluded from raising such claims in this federal civil rights action. See Skinner, 131 S. Ct. at 1298 ("Skinner does not challenge adverse [state court] decisions themselves; instead he targets as unconstitutional the Texas statute they authoritatively construed. . . . [A] state-court decision is not reviewable by lower federal courts, but a statute or rule governing the decision may be challenged in a federal action."); see also Alford v. Shasta County Super. Ct., No. CIV S-11-2583 WBS GGH, 2012 WL 671941 at *2 (E.D. Cal. Feb. 29, 2012) (plaintiff's complaint fails to state a cognizable claim because he does not challenge the constitutionality of California's DNA statute and instead challenges the state

5

court rulings against him); Soderstrom v. Orange County Dist. Att'y, No. SACV 08–00309 PA (SS), 2009 WL 3805647 at *5-6 (C.D. Cal. Nov. 12, 2009) (plaintiff's complaint failed to state a cognizable claim because the procedures established by California under § 1405 are entirely adequate to vindicate plaintiff's state-liberty interest in access to evidence for DNA testing and plaintiff has failed to allege any special circumstances that rendered the state's procedures inadequate with respect to him).

Accordingly, defendants' motion to dismiss plaintiff's complaint for failure to state a claim should be granted.

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (Doc. No. 19) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 2, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
mart1445.57